The judgment was produced on the trial, and also the execution with the return upon it. It was proven that the execution was put into the hands of the defendant in due time to be executed; that he delivered it to his deputy, who seized goods and appointed a day of sale; that on that day the plaintiff appeared with an intention to bid for the property, and also another person, a Mr. Dawsey, who was sent to purchase negroes for his father; that the deputy offered the property for sale, and that the defendant Howard bid for each article as it was offered a much higher sum than it was worth; that such bids were received by the deputy as good ones, the consequence of which was that no person present bid higher. In one instance the plaintiff bid, but Howard, the defendant, immediately bid upon him a much greater sum than the property was worth, which bid was also received. The deputy returned the execution to the defendant, his principal, requesting him to make a return upon it, which he accordingly did, as stated in the indictment, viz., that the property seized could not be sold for want of bidders.
When bidders cannot be had at a sale advertised by the sheriff, the usual return is that the property cannot be sold for want of bidders, which being in the plural number, has occasioned a vulgar error, which unhappily hath formerly been countenanced by some of the profession and adopted but too generally by sheriffs — that there must be two bidders at least at a sheriff's sale. Some have held there must be three — the sheriff is to sell to the highest bidder, and highest is in the third degree of comparison. These opinions are founded on very great mistake. If one bidder appears, and no other, the sheriff ought to sell to him. The substance of what the sheriff is commanded to do is to make the money mentioned in the execution by selling the property; consequently, if one person having the (294) money offers a bid, the sheriff should sell to him, and receive the money from him, if no other bidder appears; and if in such case the sheriff returns that he could not sell for want of bidders, that return is untrue. But the sheriff is not to receive the bid of any person who has not the money.
A bid means an offering of so much money for the property exposed to sale; not the mere verbal saying of the party that he will give so much; therefore, the bid of Howard, who had not the money, ought not to have been regarded; he was not a bidder. Should the sheriff, even after he has cried a bid, become satisfied that the person making it hath not the money, he should reject that bid and sell to that person who was the highest bidder having the money to pay.
It is objected that a principal is not liable criminally for the misconduct of his deputy. That is true, but here and, indeed, in every case *Page 234 
like it, the high sheriff is supposed to make the return; it is made in his name; it would not perhaps be good, in strictness, were it made otherwise. It is also proven in the present case that the return was actually made by the high sheriff himself; and though from the representation of his deputy he might not have known that the return was untrue, yet as he was a sworn officer, it was his business to see that every return made by him was a true one. It is at his peril if it prove otherwise. Should an objection of this kind prevail, no sheriff could be punished criminally for a false return; he might make all his returns upon the representation of his deputy; and then the deputy could not be punished, for he did not make the return; nor could the high sheriff be punished, for he did not know but that the return was true; and thus a sheriff would have it in his power to give what indulgence he pleased to the debtor, and defeat the end and purpose of all law and courts of justice.
The jury convicted him; then the prosecutor moved to be at liberty to read to the Court the returns upon a great number of other executions made by the same sheriff, in order to aggravate the fine; and it was moved by Jones, Solicitor General, that the Court had in other instances allowed the character of a defendant to be shown by affidavits, in order to enhance the fine.